IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| DJENE TRAORE<br>Baltimore, MD 21205 | )<br>)<br>) | |
| *Plaintiff,* | )<br>) | |
| *v.* | )<br>) | Case No.  __1:25-cv-887_____ |
| MAYOR AND CITY COUNCIL<br>OF BALTIMORE | )<br>)<br>)<br>) | |
| 100 N. Holliday St<br>Baltimore, MD 21202 | )<br>)<br>) | |
| *And* | )<br>) | |
| BALTIMORE POLICE DEPARTMENT | )<br>) | |
| 601 East Fayette Street<br>Baltimore, Maryland 21202 | )<br>)<br>) | |
| *Defendants.* | ) <br>)<br>) | JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Djene Traore ("Plaintiff" or "Ms. Traore"), by and through her attorney, hereby brings this action against Defendants Mayor and City Council of Baltimore ("City of Baltimore") and the Baltimore Police Department ("BPD") (collectively, "Defendants"), to redress unlawful discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and in support thereof states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to Title VII.

2. Venue is proper in this District because the Defendants are located in this District, and the unlawful acts alleged were committed within the District.

## PARTIES

3. Plaintiff Djene Traore is a resident of Baltimore and was a civilian (non-officer) policy analyst for Defendant BPD from August 2017 to April 3, 2019.

4. Defendant Mayor and City Council of Baltimore is a municipal corporation and political subdivision of the State of Maryland, with its principal place of business at 100 N. Holliday Street, Baltimore, MD 21202. It is the governing body of the City of Baltimore, Maryland, and is responsible for the enactment and enforcement of laws, ordinances, and policies within the City's jurisdiction.

5. Defendant Baltimore Police Department is a municipal agency and instrumentality of the City of Baltimore which operates a police force with jurisdiction covering the City of Baltimore. The Department's police power is conferred by the Mayor and City Council of Baltimore pursuant to the Baltimore City Charter.

## ADMINISTRATIVE PREREQUISITES

6. Ms. Traore has satisfied all administrative and procedural prerequisites and conditions precedent to bringing an action pursuant to Title VII by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 24, 2023 against both the City of Baltimore and the BPD.

7. The City of Baltimore submitted a position statement responding to the Charge on or about June 26, 2023.

8. BPD never submitted a position statement to the EEOC.

9. Ms. Traore received an EEOC Dismissal and Notice of Rights for respondent City of Baltimore and BPD on December 19, 2024.

## COUNT I—DISCRIMINATION AND RETALIATION
## IN VIOLATION OF TITLE VII AGAINST DEFENDANTS

10. Ms. Traore was employed by BPD as a Policy Analyst from August 2017 until her termination on April 3, 2019.

11. Ms. Traore filed a lawsuit against BPD on April 2, 2022, alleging discrimination in violation of Title VII.

12. BPD's stated reason for Ms. Traore's termination was that she visited her husband, who was incarcerated at the time.

13. In the fall of 2022, Ms. Traore applied for a position with the City of Baltimore Mayor's Office of Neighborhood Safety and Engagement ("MONSE").

14. In late October, Ms. Traore was offered a position with MONSE and she accepted.

15. On or about October 27, 2022, Ms. Traore received a letter from MONSE's Director Shantay Jackson ("Ms. Jackson" or "Director Jackson") on City of Baltimore letterhead acknowledging the offer and acceptance of employment.

16. The letter stated that Ms. Traore was to start employment on November 28, 2022.

17. The letter detailed the annual salary offer for the position which was $114,000.

3

18. Before the November 28, 2022, start date, Ms. Traore had a follow-up conversation with Director Jackson.

19. In that conversation, Director Jackson told Ms. Traore that she needed to sign and return the letter to her.

20. Director Jackson also told Ms. Traore that she was eager for her to start.

21. Director Jackson further asked Ms. Traore if she was still involved with State Sen. Mary Washington's office.

22. Ms. Traore stated that she was no longer involved with Sen. Mary Washington's office.

23. Director Jackson then asked Ms. Traore if there was anything else she needed to know.

24. At that point, Ms. Traore reminded Director Jackson that her husband was incarcerated and that she was fired from BPD because of her visits to him in prison and wanted to make sure that his incarceration wasn't going to be a problem.

25. Director Jackson responded and stated that she did not care about those things and that she already knew.

26. Director Jackson knew of Ms. Traore's husband's incarceration and her termination from the BPD from their interactions at the Baltimore City Mediation Center.

27. In fact, Ms. Traore never shied away from telling anyone about being terminated from the BPD, their stated reasons for firing her, and her belief that her termination was unlawful retaliation.

28. Ms. Traore even told then councilman (now Mayor) Brandon Scott in 2019 about the circumstances surrounding her termination and that she was pursuing a remedy through the EEOC.

29. Ms. Traore has since told several City of Baltimore Council Members the same.

30. Director Jackson then asked Ms. Traore if there was anything else that she should be aware of before starting at MONSE.

31. Ms. Traore stated that she is actively pursuing an EEO lawsuit against the BPD over her termination.

32. After Ms. Traore told Director Jackson this, Director Jackson's tone changed, and she instructed her to "hold off" on signing the letter because the EEO lawsuit against the BPD could pose an "issue."

33. Director Jackson indicated that she will need to check with some people and that she will get back to Ms. Traore in 24 to 48 hours.

34. Ms. Traore did not hear back from Director Jackson until eight (8) days later when Director Jackson called her.

35. In that phone conversation, Director Jackson told Ms. Traore that MONSE was rescinding the employment offer and the stated reason was because Ms. Traore's employment with BPD ended in termination.

36. Ms. Traore received a letter shortly thereafter stating the same.

37. Director Jackson admitted that MONSE had conducted research into Ms. Traore's employment with BPD.

38. Upon information and belief, Director Jackson, or someone else at MONSE contacted the BPD to learn about Ms. Traore's EEO lawsuit as part of the research that was conducted.

39. Upon information and belief, BPD either made false and disparaging remarks about Ms. Traore and/or they exerted improper influence over MONSE with the goal of preventing Ms. Traore from gaining employment for which she was qualified for.

40. As a direct result of the City of Baltimore's and BPD's discriminatory and retaliatory conduct, Ms. Traore has incurred substantial damages, including, but not limited to, lost wages and benefits, emotional harm, anguish and humiliation, and attorney's fees and costs.

41. Because of the City of Baltimore's and BPD's discriminatory and retaliatory conduct, Ms. Traore is entitled to all legal and equitable remedies available under Title VII.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Traore respectfully requests the following relief:

A. A declaratory judgment that Defendants have discriminated and retaliated against Ms. Traore in violation of Title VII;

B. An award of back pay, lost benefits, and other damages for lost compensation and job benefits and other monetary losses suffered by Ms. Traore in an amount to be determined at trial;

C. An award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

6

      D.      An award of litigation costs and expenses, including reasonable attorney's fees and reasonable expert witness fees;

      E.      Pre-judgment and post-judgment interest; and

      F.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

**Date: March 17, 2025**

                                                                Respectfully Submitted,

                                                                  _____/s/_____

DAVID MANUEL BAÑA (21292)
Law Office of David Baña, Esq.
4305 Saint Paul Street
Baltimore, MD  21218
Tel.: (443) 742-2390
Fax: (410) 670-7573
david@davidbana.com

*Attorney for Plaintiff*